# REPORTS.

## STRAFFORD,

### JANUARY TERM, A. D. 1859.

### TOWLE v. MESERVE.

Where a partnership is conducted under an agreement to share profit and loss in proportion to the capital furnished by each partner, in the absence of any settlement or special contract, one partner cannot under the statute maintain an action at law against another, during the continuance of the partnership, for neglect by the defendant, on demand, to pay over or account for the plaintiff's share of certain specified sums, received by the defendant on partnership account in the usual course of the partnership business.

ASSUMPSIT. The questions in the case arise on general demurrer, to the first, second, and fourth counts of the declaration.

The first alleges that on the 30th of October, 1854, the plaintiff, the defendant, and John F. Towle, formed a partnership, which is still subsisting, in the business of buying and selling timber and timber lands; each partner to furnish an equal share of the capital, and to share equally in profit and loss. The partnership bought and sold large amounts of timber and timber lands, and the defendant, as partner, in the year 1855, received for timber and wood of

sundry corporations and individuals divers specified sums, amounting to $4,747.64, "and in consideration thereof, then and there promised the plaintiff to account to him for his part and share of said proceeds, so received by him as aforesaid, to wit: one third part of said sum, or to deliver or pay to him said third part of said sum;" "yet, though requested, said defendant has never accounted to the plaintiff for said third part, or any part, nor paid or delivered to him said third part, or any part," but avers that the plaintiff furnished his third of the capital.

The second count is substantially like the first, except that it alleges that the plaintiff received as partner $6000, without specifying items or stating from whom it was received, and that the plaintiff paid in more than his share of the capital, and paid more than his share of debts and expenses.

The fourth count alleges that on the 13th of January, 1857, the plaintiff, defendant, and J. F. Towle were partners as aforesaid, and the defendant had received, as partner, the sums specified in the first count, and others not specified, amounting in all to $6000; and in consideration thereof promised to render a just and true account of said several sums of money, and to pay and deliver to said plaintiff his just share thereof, to wit: one third part thereof, being the sum of $2000, on demand, "the said moneys not having been otherwise accounted for, delivered, paid, or otherwise settled for. Yet the defendant, though requested on the 26th day of January, A. D. 1857, has not rendered such account, &c., but neglects it."

*Small*, for the plaintiff.

*Christie*, for the defendant.

PERLEY, C. J. This action is founded on the statute which provides "that any partner or joint owner may

maintain an action of assumpsit against one or more of his copartners or joint owners, to recover his just share of any goods or chattels, choses in action, or the proceeds thereof, received by such copartners or joint owners, and not accounted for, delivered, paid, or otherwise settled for on demand."

In *Wright* v. *Cobleigh*, 21 N. H. (1 Fost.) 342, it was held, that to recover under the statute as it now stands, the plaintiff must declare specially, and set out facts which entitle him to his action. The question on this demurrer is whether either of the counts in the declaration, which are demurred to, sets out such a state of facts.

The plaintiff, in his declaration, demands one third part of certain sums of money, belonging to the partnership, and received by the defendant of divers corporations and individuals, as the proceeds of the partnership business, and alleges that one third was the plaintiff's just share of those sums; that the transactions of the firm were large, and that the partnership still continues. So far as the declaration shows anything, the sums of money received by the defendant appear to have been paid to him from time to time, at different dates, in the usual and legitimate course of the partnership business. There is no statement of any settlement or special agreement, or of any circumstance which could place the defendant under any liability to account for this money in a way different from his general obligation as partner to account for all partnership property that came to his hands. The declaration alleges that the partners were to furnish equal shares of the capital stock, and share equally in profit and loss, and in one of the counts that the plaintiff furnished one third of the capital.

What was the plaintiff's just share in the sums of money thus received by the defendant? It is plain that, in the absence of the statute, no partner, during the continuance of the partnership business, could maintain an action at

law to recover from another partner any particular share of any sum received, on general partnership account, or has a right to any ascertained share of any partnership fund. The individual share of a partner in the general funds, or any particular fund belonging to the partnership, cannot be known until a final liquidation of the partnership accounts. It may happen that none of the partners will be entitled on settlement of the partnership affairs to anything out of the partnership funds, for all the funds are pledged to the payment of the partnership liabilities, and may be all required for that purpose. Each partner has a lien on the funds of the firm for the payment of the partnership debts. If the defendant was bound to account, it was to account according to the terms of the contract of partnership; and that contract bound him to account for a balance ascertained, on a final settlement of the partnership affairs, and not to account to each of the other partners for a share of every separate sum of money received in the course of the partnership business.

Nor do we think that by calling for an account of a particular sum of money received on partnership account, a partner can bring his action at law under the statute, and require the defendant in that suit to enter into a general account of the partnership business, to ascertain whether on final settlement the plaintiff will be entitled to a balance. The defendant would have been in no default in refusing to account for the general balance, until the debts were all paid; he had a lien on the common funds for that purpose. To take such an account would necessarily put a stop to the partnership business, and practically dissolve the firm. This point we understand to be substantially decided in *Perley* v. *Brown*, 12 N. H. 493, in which it was held that a demand for a general settlement was not sufficient to maintain an action under the statute. The effect of this decision must be that in an action under the statute the plaintiff cannot bring on an inquiry into the general

Towle *v.* Meserve.

partnership account; for the substantial right of the parties cannot be changed by varying the form of the demand.

The declaration does not state any special case to bring the action within the meaning of the statute. It is no more than the case of any partner, who, without any settlement or special agreement, calls on another partner to pay over and account for a sum of money as his individual share of some partnership fund in the possession of the defendant. If the plaintiff, under the statute, can rely upon the demand of an account for a particular fund or sum of money, received and held on partnership account, it must be in a case where the defendant was liable to account for a share of that fund, or sum of money, by virtue of some settlement or special agreement, without waiting for a general adjustment of the partnership account, and this is not that case.

To hold that, under the statute, any partner might, during the continuance of the partnership, require the other partners to deliver over to him a share of every sum received, in the usual course of the partnership business, would destroy the essential character of the partnership contract. We cannot for a moment entertain the idea that the statute intended to overturn the fundamental principles of law which govern this mercantile contract, so as to make each partner liable to pay over to the other a share in proportion to his part of the capital stock, in any sum of money received on partnership account, without any liquidation of the partnership affairs.

It is not an arbitrary and merely technical rule, which forbids one partner to maintain a suit at law against another, while the partnership is subsisting and unsettled. The business of the firm is done on joint account, and the funds held by each partner in trust for the firm; and it cannot be known till a final settlement what share of the partnership property will go to any individual partner, or whether he will be entitled to any.

*The demurrer must be allowed.*